# EXHIBIT C

# Congress of the United States
## Washington, DC 20515

March 25, 2019

The Honorable William P. Barr
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Dear Attorney General Barr:

Your March 24 letter concerning Special Counsel Mueller's report leaves open many questions concerning the conduct of the President and his closest advisors, as well as that of the Russian government during the 2016 presidential election. Accordingly, we formally request that you release the Special Counsel's full report to Congress no later than Tuesday, April 2. We also ask that you begin transmitting the underlying evidence and materials to the relevant committees at that time.

As you know, on March 14, the full House of Representatives approved H. Con. Res. 24, calling for the release of the Special Counsel's report by a vote of 420-0.[1] Each of our committees is currently engaged in oversight activities that go directly to the President's conduct, his attempts to interfere with federal and congressional investigations, his relationships and communications with the Russian government and other foreign powers, and/or other alleged instances of misconduct.

Your four-page summary of the Special Counsel's review is not sufficient for Congress, as a coequal branch of government, to perform this critical work. The release of the full report and the underlying evidence and documents is urgently needed by our committees to perform their duties under the Constitution. Those duties include evaluating the underlying facts and determining whether legislative or other reforms are required—both to ensure that the Justice

---

[1] Roll Call Vote No. 125, 116th Cong., Mar. 14, 2019.

Department is able to carry out investigations without interference or obstruction by the President and to protect our future elections from foreign interference.

First, Congress must be permitted to make an independent assessment of the evidence regarding obstruction of justice. The determinations you have reached regarding obstruction and the manner in which you chose to characterize the Special Counsel's investigation only raise further questions, particularly in light of the Special Counsel's decision to refrain from making "a traditional prosecutorial judgment."[2] We also cannot evaluate your determination that "the report identifies no actions" that meet the elements of obstruction in the absence of the report, evidence and other materials.[3]

Second, we have no reason to question that Special Counsel Mueller made a well-considered prosecutorial judgment in two specific and narrow areas—whether the Trump campaign conspired to join Russia's election-related online disinformation and hacking and dissemination efforts. But it is vital for national security purposes that Congress be able to evaluate the full body of facts and evidence collected and evaluated by the Special Counsel, including all information gathered of a counterintelligence nature.

The provision of the report—in complete and unredacted form—and the underlying evidence and materials would be fully consistent with the Justice Department's practice and precedent with Congress, which the Department reinforced in recent years. With respect to the Hillary Clinton email investigation, the Department and the FBI released more than 880,000 pages of documents, publicly identified career officials involved in the case, and produced volumes of internal deliberative materials, including sensitive investigatory and classified materials.[4] In response to congressional requests and subpoenas regarding allegations of bias in the Russia investigation, the Department produced to congressional committees thousands of pages of highly sensitive law enforcement and classified investigatory and deliberative records related to that investigation—which remained open and ongoing at the time. Moreover, the Department produced to congressional committees in full, and then took the unprecedented step of releasing to the public in redacted form, multiple documents related to the surveillance of a United States person under the Foreign Intelligence Surveillance Act.[5]

---

[2] Letter from U.S. Attorney General William Barr to Chairman Jerrold Nadler, H. Comm. on the Judiciary, et al., Mar. 24, 2019.

[3] *Id.*

[4] *See, e.g., A Review of Allegations Regarding Various Actions by the Federal Bureau of Investigation and Department of Justice in Advance of the 2016 Election*, hearing before the H. Comm. on the Judiciary, June 28, 2018 (statement of FBI Director Christopher Wray).

[5] Byron Tau, et al., *Trump Orders Declassification of Intelligence Documents Related to Former Adviser Carter Page*, WALL ST. JOURNAL, Sept. 17, 2018.

We look forward to receiving the report in full no later than April 2, and to begin receiving the underlying evidence and documents that same day.[6] To the extent that you believe applicable law limits your ability to comply, we urge you to begin the process of consultation with us immediately in order to establish shared parameters for resolving those issues without delay.

Sincerely,

*Jerrold Nadler*
Chairman
House Committee on the Judiciary

*Elijah E. Cummings*
Chairman
House Committee on Oversight and Reform

*Adam Schiff*
Chairman
House Permanent Select Committee on Intelligence

*Maxine Waters*
Chairwoman
House Committee on Financial Services

*Richard E. Neal*
Chairman
House Committee on Ways and Means

*Eliot L. Engel*
Chairman
House Committee on Foreign Affairs

---

[6] As to materials that are subject to Rule 6(e) of the Federal Rules of Criminal Procedure, there is precedent for the release of such materials to Congress under similar circumstances. We look forward to discussing this issue to determine if we can reach a mutually acceptable accommodation.

3