# EXHIBIT F

Case 1:19-gj-00048-BAH   Document 1-7   Filed 07/26/19   Page 2 of 4

ADAM B. SCHIFF, CALIFORNIA
CHAIRMAN

TIMOTHY BERGREEN, STAFF DIRECTOR
(202) 225-7690
www.intelligence.house.gov

ONE HUNDRED SIXTEENTH CONGRESS

DEVIN NUNES, CALIFORNIA
RANKING MEMBER

ALLEN SOUZA, MINORITY STAFF DIRECTOR



# Permanent Select Committee on Intelligence
## U.S. House of Representatives

April 25, 2019

The Honorable William P. Barr
Attorney General of the United States

The Honorable Rod J. Rosenstein
Deputy Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

The Honorable Christopher Wray
Director
Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535

Dear Attorney General Barr, Deputy Attorney General Rosenstein, and Director Wray:

On March 27, we wrote to you to request all materials, regardless of form and classification, obtained or produced by the Special Counsel's Office during its investigation, with production to the House Permanent Select Committee on Intelligence ("Committee") to begin by April 2. To date, the Committee has received no response from you to that request.

In our prior letter, we made clear that, for the Committee to discharge its unique constitutional and statutory responsibilities, the Committee requires full visibility into the Special Counsel's Office's unredacted report, findings, and underlying evidence and information. In particular, we underscored that, with the Special Counsel's fact-gathering work now concluded, the Committee has an obligation to examine the foreign intelligence and counterintelligence information gathered by the Special Counsel's Office, assess the counterintelligence and national security implications, and consider whether legislation or other appropriate remedies are required in response.

On April 18, Attorney General Barr released to Congress and the public the same redacted version of the Special Counsel's report. Directly related to our March 27 request, Volume I of the report clarifies the process by which foreign intelligence and counterintelligence information uncovered in the course of the Special Counsel's investigation was shared outside of the Special Counsel's Office:

1

"From its inception, the [Special Counsel's] Office recognized that its investigation could identify foreign intelligence and counterintelligence information relevant to the [Federal Bureau of Investigation's] broader national security mission. FBI personnel who assisted the Office established procedures to identify and convey such information to the FBI. The FBI's Counterintelligence Division met with the Office regularly for that purpose for most of the Office's tenure. For more than the past year, the FBI also embedded personnel at the Office who did not work on the Special Counsel's investigation, but whose purpose was to review the results of the investigation and to send - in writing – summaries of foreign intelligence and counterintelligence information to FBIHQ [FBI Headquarters] and FBI Field Offices. Those communications and other correspondence between the Office and the FBI contain information derived from the investigation, not all of which is contained in this Volume. This Volume is a summary. It contains, in the Office's judgment, that information necessary to account for the Special Counsel's prosecution and declination decisions and to describe the investigation's main factual results."[1]

Unfortunately, as the report makes clear, the Department of Justice and the FBI failed to keep the Committee "fully and currently informed" of this important foreign intelligence and counterintelligence information, as required by law.[2] The Department and the Bureau did not keep the Committee apprised of this information – whether at the full Committee level or through more restricted bipartisan leadership briefings – contrary to long-standing practice regarding significant counterintelligence matters.

It is deeply unfortunate, moreover, that the Department and the Bureau failed to respond to the Committee's March 27 request, including to initiate a dialogue to facilitate the production of this information to the Committee and to schedule associated briefings requested in our letter. The Department also failed to respond to the Committee's April 18 request for Special Counsel Mueller to testify before the Committee.

In addition to the complete unredacted report, the Committee's request includes all classified and unclassified evidence and information obtained or generated by the Special Counsel's Office that may relate to foreign intelligence or counterintelligence matters. The fact that evidence and information may have been gathered during a criminal investigation, including through grand jury process, in no way diminishes their nature or value as foreign intelligence or

---

[1] Special Counsel Robert S. Mueller, III, *Report on the Investigation Into Russian Interference in the 2016 Presidential Election*, Volume I of II, March 2019, p. 13.

[2] *See* 50 U.S.C. § 3092 (requiring, among other things, that the heads of all departments, agencies, or entities of the United States government involved in intelligence activities keep the congressional intelligence committees fully and currently informed of all intelligence activities, and to furnish to the congressional intelligence committees upon request any information or material concerning intelligence activities which is within the custody or control of the departments, agency, or entity of the United States government); *see also* 50 U.S.C. § 3003(1) (defining "intelligence" to include "foreign intelligence" and "counterintelligence").

counterintelligence information or the Committee's need for them.[3] This includes information regarding efforts by the Russian government to contact Americans in furtherance of Russian intelligence objectives. The Committee's request, therefore, is unique and distinct from the House Judiciary Committee's independent interest in obtaining the unredacted report and underlying evidence.

The Committee seeks the Department and the Bureau's cooperation in good faith. Absent meaningful compliance by the Department and Bureau with the Committee's requests by **Thursday, May 2**, however, the Committee will have no choice but to resort to compulsory process on **Friday, May 3** to compel production of documents responsive to the Committee's request.

To facilitate the Department and the Bureau's cooperation with the Committee, Committee staff are prepared to meet this **Friday, April 26** to discuss the Committee's requests with more specificity and establish a reasonable document production timeline that fulfills the Committee's requests and takes into account legitimate logistical considerations of the Department and the Bureau.

Sincerely,

Adam B. Schiff
Chairman

Devin Nunes
Ranking Member

CC    The Honorable Daniel Coats, Director of National Intelligence

---

[3] To the extent any such information relates to grand jury matters, Rule 6(e) of the Federal Rules of Criminal Procedure poses no bar to disclosure of such materials to the Committee. Under the exception set forth in Rule 6(e)(3)(D), the Department of Justice "may disclose any grand-jury matter involving foreign intelligence, counterintelligence [], or foreign intelligence information," as well as any grand-jury matter involving "grave hostile acts of a foreign power," "a threat of domestic or international sabotage or terrorism," or "clandestine intelligence gathering activities by an intelligence service or network of a foreign power." Fed. R. Crim. P. 6(e)(3)(D).

3