# EXHIBIT H

# SUBPOENA

## BY AUTHORITY OF THE HOUSE OF REPRESENTATIVES OF THE CONGRESS OF THE UNITED STATES OF AMERICA

*To*  Donald F. McGahn II

You are hereby commanded to be and appear before the

Committee on the Judiciary

of the House of Representatives of the United States at the place, date, and time specified below.

☑ **to produce the things identified on the attached schedule** touching matters of inquiry committed to said committee or subcommittee; and you are not to depart without leave of said committee or subcommittee.

Place of production: 2138 Rayburn House Office Building, Washington, D.C., 20515

Date: May 7, 2019                              Time: 10:00am

☐ **to testify at a deposition** touching matters of inquiry committed to said committee or subcommittee; and you are not to depart without leave of said committee or subcommittee.

Place of testimony:

Date: _____ (and continuing until completed)        Time: _____

☑ **to testify at a hearing**  touching matters of inquiry committed to said committee or subcommittee; and you are not to depart without leave of said committee or subcommittee.

Place of testimony:  2141 Rayburn House Office Building, Washington, D.C., 20515

Date: May 21, 2019                              Time: 10:00am

*To* any authorized staff member or the U.S. Marshals Service

to serve and make return.

Witness my hand and the seal of the House of Representatives of the United States, at

the city of Washington, D.C. this 22        day of April                      , 20 19 .

*Chairman or Authorized Member*

Attest:

*Clerk*

## PROOF OF SERVICE

Subpoena for

　　　Donald F. McGahn II

Address  c/o William A. Burck, Esq., Quinn, Emanuel, Urquhart, & Sullivan, LLP

　1300 I Street NW, Suite 900, Washington, DC, 20005

before the  Committee on the Judiciary


*U.S. House of Representatives*
*116th Congress*


Served by (print name)  Aaron Hiller

Title  Deputy Chief Counsel, House Judiciary Committee

Manner of service  Electronic


Date  April 22, 2019

Signature of Server

Address  2138 Rayburn House Office Building

Washington, D.C. 20515

## SCHEDULE

In accordance with the attached Definitions and Instructions, you are hereby required to produce all documents and communications in your possession, custody or control referring or relating to:

1. Statements by Michael Flynn to the Federal Bureau of Investigation regarding contacts with Sergey Kislyak.

2. The Federal Bureau of Investigation and Department of Justice's investigation of Michael Flynn.

3. Meetings with Department of Justice officials or employees relating to Michael Flynn and underlying evidence relating to Michael Flynn.

4. The resignation or termination of Michael Flynn.

5. Sean Spicer's February 14, 2017 public statements about Michael Flynn's resignation.

6. President Trump's contacts with James Comey on or about January 27, 2017, February 14, 2017, March 30, 2017, and April 11, 2017.

7. The termination of James Comey, including but not limited to any documents or communications relating to draft termination letters, White House Counsel memoranda, or the May 9, 2017 Rod Rosenstein memorandum to Jeff Sessions entitled "Restoring Public Confidence in the FBI."

8. Meetings or communications involving Federal Bureau of Investigation or Department of Justice officials or employees relating to the resignation or termination of James Comey.

9. Jeff Sessions's recusal from any matters arising from the campaigns for President of the United States.

10. Reversing or attempting to reverse Jeff Sessions's recusal from any matters.

11. The resignation or termination, whether contemplated or actual, of Jeff Sessions.

12. The resignation or termination, whether contemplated or actual, of Rod Rosenstein.

13. The resignation or termination, whether contemplated or actual, of Special Counsel Robert Mueller.

14. Your resignation or termination, whether contemplated or actual.

15. The appointment of Special Counsel Robert Mueller.

16. Alleged conflicts of interest on the part of Special Counsel Robert Mueller or other employees of the Special Counsel's Office.

17. Public statements and/or requests to correct the record or deny reports that President Trump asked for Special Counsel Robert Mueller to be removed as Special Counsel.

18. Memoranda directing White House officials or employees to avoid direct contact or communication with the Department of Justice or Jeff Sessions.

19. Meetings or communications with Dana Boente or other Department of Justice officials or employees relating to whether the President was being investigated by the Department of Justice or Federal Bureau of Investigation.

20. Meetings or communications with Department of Justice officials or employees relating to James Comey's testimony before Congress.

21. The President maintaining possession of Jeff Sessions's resignation letter.

22. Communications about Special Counsel Mueller's investigation, including but not limited to whether any action taken, proposed or discussed by President Trump or anyone acting on his behalf may constitute obstruction of justice or any violation of law.

23. President Trump's exposure in the Special Counsel Investigation relating to "other contacts," "calls," or "ask re Flynn" as mentioned in Volume II, page 82 of the Report.

24. Statements or communications relating to press reports that President Trump was under investigation.

25.  Paul Manafort's cooperation with the Special Counsel's Office.

26. The June 9, 2016 Trump Tower meeting.

27. The July 8, 2017 statement and related statements released in the name of Donald Trump Jr. regarding the Trump Tower meeting.

28. Prosecuting or investigating James Comey or Hillary Clinton.

29. Presidential pardons, whether possible or actual, for Paul Manafort, Michael Flynn, Michael Cohen, Rick Gates, Roger Stone, individuals associated with the Trump Campaign, or individuals involved in matters before the U.S. Attorney's Office for the Southern District of New York.

30. Selecting Jeff Sessions's replacement through a recess appointment or appointing an Acting Attorney General under the Federal Vacancies Reform Act.

31. The SDNY Investigations, the recusal of U.S. Attorney Geoffrey Berman from the SDNY Investigations, or the reassignment or potential reassignment of SDNY employees from the SDNY Investigations.

32. Statements by Michael Cohen or White House officials to the House Permanent Select Committee on Intelligence and the Senate Select Committee on Intelligence regarding the timing of the Trump Organization's efforts to develop a property in Moscow, including but not limited to drafts of such statements and communications about such drafts or final statements.

33. Any payment, or potential payment, to any person or entity by Michael Cohen, Essential Consultants LLC, or American Media Inc. ("AMI") for the benefit of Donald Trump or the Trump Campaign, including but not limited to any documents relating to the reimbursement of Cohen, Essential Consultants LLC, or AMI for any such payments, and any documents relating to the omission or inclusion of information about liabilities associated with such payments on Donald Trump's Public Financial Disclosure Reports (OGE Form 278e) filed in 2017 and 2018.

34. Communications relating to United States imposed sanctions or potential sanctions against the Russian Federation from June 16, 2015 to October 18, 2018, including but not limited to the sanctions imposed pursuant to the Magnitsky Act.

35. Communications with the Executive Office of the President regarding your response to the March 4, 2019 document request by the House Committee on the Judiciary.

36. Any documents referenced in the Report.

## DEFINITIONS

As used in this subpoena, the following terms shall be interpreted in accordance with these definitions:

1. "58th Presidential Inaugural Committee" means the entity registered under FEC ID # C00629584 as well as its parent companies, subsidiary companies, affiliated entities, agents, officials, and instrumentalities.

2. "And," and "or," shall be construed broadly and either conjunctively or disjunctively to bring within the scope of this subpoena any information that might otherwise be construed to be outside its scope. The singular includes plural number, and vice versa. The masculine includes the feminine and neutral genders.

3. "Any" includes "all," and "all" includes "any."

4. "Communication(s)" means the transmittal of information by any means, whether oral, electronic, by document or otherwise, and whether in a meeting, by telephone, facsimile, mail, releases, electronic message including email, text message, instant message, MMS or SMS message, encrypted message, message application, social media, or otherwise.

5. "Employee" means any past or present agent, borrowed employee, casual employee, consultant, contractor, de facto employee, detailee, fellow, independent contractor, intern, joint adventurer, loaned employee, officer, part-time employee, permanent employee, provisional employee, special government employee, subcontractor, or any other type of service provider.

6. "Document" means any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether original or copy, including, but not limited to, the following: memoranda, reports, expense reports, books, manuals, instructions, financial reports, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, interoffice and intra-office communications, call records, electronic mail ("e-mail"), instant messages, calendars, contracts, cables, notations of any type of conversation, telephone call, meeting or other communication, bulletins, printed matter, computer printouts, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, power point presentations, spreadsheets, and work sheets. The term "document" includes all drafts, preliminary versions, alterations, modifications, revisions, changes, and amendments to the foregoing, as well as any attachments or appendices thereto.

7. "Documents in your possession, custody or control" means (a) documents that are in your possession, custody, or control, whether held by you or your past or present agents, employees, or representatives acting on your behalf; (b) documents that you have a legal right to obtain, that you have a right to copy, or to which you have access; and (c) documents that have been placed in the possession, custody, or control of any third party. **This includes but is not limited to documents that are or were held by your attorneys.**

8. "Each" shall be construed to include "every," and "every" shall be construed to include "each."

9. "Government" shall include any government's present and former agencies, branches, units, divisions, subdivisions, districts, public corporations, employees, elected and appointed officials, ambassadors, diplomats, emissaries, authorities, agents, assignees, and instrumentalities. This includes, but is not limited to, any government-controlled business entities, entities in which the government has a financial interest, and any person acting or purporting to act on the government's behalf.

10. "Including" shall be construed broadly to mean "including, but not limited to."

11. "Person" or "persons" means natural persons, firms, partnerships, associations, corporations, subsidiaries, division, departments, joint ventures proprietorships, syndicates, or other legal business or government entities, and all subsidiaries, affiliates, divisions, departments, branches, or other units, thereof.

12. "Referenced" means cited, quoted, mentioned, described, alluded to, contained, incorporated, reproduced, or identified in any manner whatsoever.

13. "Relating to" shall mean discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, comprising, showing, setting forth, considering, recommending, concerning, or pertinent to that subject in any manner whatsoever.

14. "The Russian Federation" shall include the Government of the Russian Federation, as the term "Government" is defined above.

15. "Special Counsel's Office" means the office created pursuant to Department of Justice Order No. 3915-17 issued by the Acting Attorney General on May 17, 2017 appointing Robert S. Mueller III as Special Counsel, and its employees.

16. "Special Counsel's Investigation" means the investigation conducted by the Special Counsel's Office pursuant to Department of Justice Order No. 3915-17 issued by the Acting Attorney General on May 17, 2017.

17. "SDNY Investigations" shall include any investigation or prosecution conducted by the U.S. Attorney's Office for the Southern District of New York relating to: (i) Michael Cohen; (ii) the Trump Organization; (iii) the Trump Campaign; and (iv) the 58th Presidential Inaugural Committee.

18. "The Report" means the complete and unredacted version of the report submitted on or about March 22, 2019 by Special Counsel Robert Mueller, pursuant to his authority under 28 C.F.R. § 600.8(c), entitled, "Report on the Investigation into Russian Interference in the 2016 Presidential Election."

19. "Trump Campaign" for purposes of this subpoena shall include Donald J. Trump for President, Inc., as well as its parent companies, subsidiary companies, affiliated entities, agents, officials, and instrumentalities.

20. The "Trump Organization" for purposes of this subpoena shall include the Trump Organization, Inc., The Trump Organization LLC, and their parent companies, subsidiary companies, affiliated entities, agents, officials, and instrumentalities.

21. The "Trump Tower Meeting" for purposes of this subpoena shall reference the June 9, 2016 Trump Tower meeting attended by the following Donald Trump Jr., Paul Manafort, Kushner, Natalia Veselnitskaya, Rob Goldstone, and Rinat Akhmetshin.

# INSTRUCTIONS

1.  In complying with this subpoena, you should produce all responsive documents in unredacted form that are in your possession, custody, or control or otherwise available to you, regardless of whether the documents are possessed directly by you. If a document is referenced in the Report in part, you should produce it in full in a complete and unredacted form.

2.  Documents responsive to the subpoena should not be destroyed, modified, removed, transferred, or otherwise made inaccessible to the Committee.

3.  In the event that a document is withheld in full or in part on any basis, including a claim of privilege, you should provide a log containing the following information concerning every such document: (i) the reason the document is not being produced; (ii) the type of document; (iii) the general subject matter; (iv) the date, author, addressee, and any other recipient(s); (v) the relationship of the author and addressee to each other; and (vi) any other description necessary to identify the document and to explain the basis for not producing the document. If a claimed privilege applies to only a portion of any document, that portion only should be withheld and the remainder of the document should be produced. As used herein, "claim of privilege" includes, but is not limited to, any claim that a document either may or must be withheld from production pursuant to any law, statute, rule, policy or regulation.

4.  In the event that a document is withheld in full or in part on the basis of a privilege asserted by or on behalf of the White House, or at the request of the White House, please also include the following information in your privilege log:

    a.  The date on which you or any attorney representing you received the document or any copy thereof from the White House, received access to that document from the White House, or removed that document or any copy thereof from the White House;

    b.  The name of the person or persons who provided the document to you or your attorney;

    c.  The name of any lawyer or other agent or third party outside the White House who, to your knowledge, reviewed the document.

    d.  You should log each responsive document as to which you have directed us to the White House, and each document that was previously in your attorneys' possession, custody or control.

5.  Any objections or claims of privilege are waived if you fail to provide an explanation of why full compliance is not possible and a log identifying with specificity the ground(s) for withholding each withheld document prior to the request compliance date.

6.  In complying with the request, be apprised that (unless otherwise determined by the Committee) the Committee does not recognize: any purported non-disclosure privileges associated with the common law including, but not limited to the deliberative-process privilege, the attorney-client privilege, and attorney work product protections; any purported privileges or protections from disclosure under the Freedom of Information Act; or any purported contractual privileges, such as non-disclosure agreements.

7. Any assertion of any such non-constitutional legal bases for withholding documents or other materials, shall be of no legal force and effect and shall not provide a justification for such withholding or refusal, unless and only to the extent that the Committee has consented to recognize the assertion as valid.

8. Pursuant to 5 U.S.C. § 552(d), the Freedom of Information Act (FOIA) and any statutory exemptions to FOIA shall not be a basis for withholding any information.

9. Pursuant to 5 U.S.C. § 552a(b)(9), the Privacy Act shall not be a basis for withholding information.

10. If any document responsive to this subpoena was, but no longer is, in your possession, custody, or control, or has been placed into the possession, custody, or control of any third party and cannot be provided in response to this subpoena, you should identify the document (stating its date, author, subject and recipients) and explain the circumstances under which the document ceased to be in your possession, custody, or control, or was placed in the possession, custody, or control of a third party, including, but not limited to (a) how the document was disposed of; (b) the name, current address, and telephone number of the person who currently has possession, custody, or control over the document; (c) the date of disposition; and (d) the name, current address, and telephone number of each person who authorized said disposition or who had or has knowledge of said disposition.

11. If any document responsive to this subpoena cannot be located, describe with particularity the efforts made to locate the document and the specific reason for its disappearance, destruction or unavailability.

12. In the event that any entity, organization, or individual named in the subpoena has been, or is currently, known by any other name, the subpoena should be read also to include such other names under that alternative identification.

13. All documents should be produced with Bates numbers affixed. The Bates numbers must be unique, sequential, fixed-length numbers and must begin with a prefix referencing the name of the producing party (e.g., ABCD-000001). This format must remain consistent across all productions. The number of digits in the numeric portion of the format should not change in subsequent productions, nor should spaces, hyphens, or other separators be added or deleted. All documents should be Bates-stamped sequentially and produced sequentially.

14. Documents produced pursuant to this subpoena should be produced in the order in which they appear in your files and should not be rearranged. Any documents that are stapled, clipped, or otherwise fastened together should not be separated. Documents produced in response to this subpoena should be produced together with copies of file labels, dividers, or identifying markers with which they were associated when this subpoena was issued. Indicate the office or division and person from whose files each document was produced.

15. Responsive documents must be produced regardless of whether any other person or entity possesses non-identical or identical copies of the same document.

16. Produce electronic documents as created or stored electronically in their original electronic format. Documents produced in electronic format should be organized, identified, and indexed electronically, in a manner comparable to the organization structure called for in Instruction 13 above.

17. Data may be produced on CD, DVD, memory stick, USB thumb drive, hard drive, or via secure file transfer, using the media requiring the least number of deliverables. Label all media with the following:

   a.  Production date;

   b.  Bates range;

   c.  Disk number (1 of X), as applicable.

18. If a date or other descriptive detail set forth in this subpoena referring to a document, communication, meeting, or other event is inaccurate, but the actual date or other descriptive detail is known to you or is otherwise apparent from the context of the subpoena, you should produce all documents which would be responsive as if the date or other descriptive detail were correct.

19. The subpoena is continuing in nature and applies to any newly discovered document, regardless of the date of its creation. Any document not produced because it has not been located or discovered by the return date should be produced immediately upon location or discovery subsequent thereto.

20. Two sets of each production shall be delivered, one set to the Majority Staff and one set to the Minority Staff. Production sets shall be delivered to the Majority Staff in Room 2138 of the Rayburn House Office Building and the Minority Staff in Room 2142 of the Rayburn House Office Building. You should consult with Committee Majority Staff regarding the method of delivery prior to sending any materials.

21. If compliance with the subpoena cannot be made in full by the specified return date, compliance shall be made to the extent possible by that date. An explanation of why full compliance is not possible shall be provided along with any partial production. In the event that any responsive documents or other materials contain classified information, please immediately contact Committee staff to discuss how to proceed.

22. Upon completion of the document production, please submit a written certification, signed by you or by counsel, stating that: (1) a diligent search has been completed of all documents in your possession, custody, or control which reasonably could contain responsive documents; (2) documents responsive to the subpoena have not been destroyed, modified, removed, transferred, or otherwise made inaccessible to the Committee since the date of receiving the Committee's subpoena or in anticipation of receiving the Committee's subpoena, and (3) all documents identified during the search that are responsive have been produced to the Committee, identified in a log provided to the Committee, or otherwise identified as provided herein.

23. A cover letter should be included with each production including the following information:

a. List of each piece of media (hard drive, thumb drive, DVD or CD) included in the production by the unique number assigned to it, and readily apparent on the physical media;

b. List of fields in the order in which they are listed in the metadata load file;

c. The paragraph(s) and/or clause(s) in the Committee's subpoena to which each document responds;

d. Time zone in which emails were standardized during conversion (email collections only);

e. Total page count and bates range for the entire production, including both hard copy and electronic documents.