# EXHIBIT M



**U.S. Department of Justice**

Office of Legislative Affairs

---

Office of the Assistant Attorney General          *Washington, D.C. 20530*

May 7, 2019

The Honorable Jerrold Nadler
Chairman
Committee on the Judiciary
United States House of Representatives
Washington, D.C. 20515

Dear Chairman Nadler:

  As you know, the Attorney General has repeatedly sought to accommodate the interests of the House Committee on the Judiciary in the investigation conducted by Special Counsel Robert S. Mueller, III. On April 18, 2019, the Attorney General voluntarily disclosed to Congress the Special Counsel's report, which was intended to be "confidential" under the applicable regulations, with as few redactions as possible, consistent with the law and long-established confidentiality interests of the Executive Branch. He also made available to you and other congressional leaders a minimally redacted version of the report that excluded only grand-jury information, which could not lawfully be shared with Congress. In response, you refused even to review the minimally redacted report, and you immediately served a subpoena, dated April 18, 2019, demanding production of the fully unredacted report and the Special Counsel's entire investigative files, which consist of millions of pages of classified and unclassified documents, bearing upon more than two dozen criminal cases and investigations, many of which are ongoing.

  Since then, the Department of Justice has offered further accommodations to the Committee. In particular, the Department offered to expand the number of staff members who may review the minimally redacted report; to allow Members of Congress who have reviewed the minimally redacted report to discuss the material freely among themselves; and to allow Members to take and retain their notes following their review. We expressed our hope that these further accommodations would prompt you and your colleagues actually to review the minimally redacted report, which would allow the parties to engage in meaningful discussions regarding possible further accommodations of the Committee's additional expansive requests. We further proposed a framework for those discussions, and made clear that we were open to conducting them on an expedited basis.

  Unfortunately, the Committee has responded to our accommodation efforts by escalating its unreasonable demands and scheduling a committee vote to recommend that the Attorney General be held in contempt of Congress. In particular, the Committee has demanded that the Department authorize review of the minimally redacted report by all 41 members of the Committee, as well as all members of the House Permanent Select Committee on Intelligence,

and additional staff members. As we have explained, however, doing so would force the Department to risk violating court orders and rules in multiple ongoing prosecutions, as well as risk the disclosure of information that could compromise ongoing investigations. In addition, you have demanded that the Department join in a request that a court grant the Committee access to grand-jury material protected by Federal Rule of Criminal Procedure 6(e), even though we have explained that such a request would force the Department to ignore existing law. Such unreasonable demands, together with the Committee's precipitous threat to hold the Attorney General in contempt, are a transparent attempt to short-circuit the constitutionally mandated accommodation process and provoke an unnecessary conflict between our respective branches of government. They are also counterproductive. They will not further the Committee's interests in obtaining the requested information.

In the face of the Committee's threatened contempt vote, the Attorney General will be compelled to request that the President invoke executive privilege with respect to the materials subject to the subpoena. I hereby request that the Committee hold the subpoena in abeyance and delay any vote on whether to recommend a citation of contempt for noncompliance with the subpoena, pending the President's determination of this question.

This request is consistent with long-standing policy of the Executive Branch about congressional requests for information implicating executive privilege. *See* President Ronald Reagan, Memorandum for the Heads of Executive Departments and Agencies, Procedures Governing Responses to Congressional Requests for Information 2 (Nov. 4, 1982) (directing executive agencies to "request the Congressional body to hold its request for the information in abeyance" in order to "protect the privilege pending a Presidential decision"). Regrettably, the Committee has made this request necessary by threatening to pretermit the constitutionally mandated accommodation process between the branches and to hold a vote on contempt tomorrow morning.

This request is not itself an assertion of executive privilege. If the Committee decides to proceed in spite of this request, however, the Attorney General will advise the President to make a protective assertion of executive privilege over the subpoenaed material, which undoubtedly includes material covered by executive privilege. President Clinton, acting on the advice of Attorney General Janet Reno, made such a protective assertion of privilege in similar circumstances. *See Protective Assertion of Executive Privilege Regarding White House Counsel's Office Documents*, 20 Op. O.L.C. 1 (1996). We remain open to further discussions with the Committee, and we hope that the Committee does not make it necessary for the President to take that step tomorrow.

Sincerely,

Stephen E. Boyd
Assistant Attorney General

cc: The Honorable Doug Collins
Ranking Member