# EXHIBIT O

# U.S. House of Representatives
## Committee on the Judiciary
### Washington, DC 20515–6216
#### One Hundred Sixteenth Congress

May 24, 2019

The Honorable William P. Barr
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Mr. Pat Cipollone
Counsel to the President
The White House
1600 Pennsylvania Ave, N.W.
Washington, D.C. 20002

Dear Attorney General Barr and Mr. Cipollone:

    I write to follow up on my letters of May 10, 2019 to Attorney General Barr and May 16, 2019 to Mr. Cipollone describing the efforts to date by the Judiciary Committee to reach a reasonable accommodation regarding the Committee's April 18, 2019 subpoena, and expressing the Committee's willingness to engage in further negotiations to resolve this dispute. I also proposed in both letters that the Committee's staff meet with your staffs to determine if a reasonable accommodation could be reached. As you know, I've received no response to my letters and the Committee's offer to engage in further accommodation discussions.

    We write yet again in an effort to encourage both the Department of Justice and the White House to engage in accommodation discussions to see if an agreement can be reached before the House takes action on the floor and prior to the Committee making any decisions regarding potential litigation. To facilitate such discussions, the Committee is providing further details regarding the documents and information that it is willing to accept as satisfaction of its subpoena in a final attempt to avoid the need for subpoena enforcement litigation.

    To that end and as we previously offered, the Committee is prepared to identify specific materials that if produced would be deemed to satisfy the subpoena. These are documents referenced in Volume II of the Special Counsel's report that primarily consist of (i) FBI interview reports (commonly known as "302s") describing statements given by firsthand witnesses to relevant events, (ii) a limited set of notes taken by witnesses and relied on by the

Special Counsel's office, and (iii) a small number of White House memoranda and communications specifically cited in the report.[1]

A complete list of the specific documents is attached. Within that limited universe of documents, we are further prepared to prioritize production of materials that would provide the Committee with the most insight into certain incidents where the Special Counsel found "substantial evidence" of obstruction of justice. Those incidents include (1) President Trump's efforts to have Special Counsel Mueller removed; (2) President Trump's efforts to have White House Counsel Don McGahn create a fraudulent record denying that incident; and (3) President Trump's efforts to have Attorney General Sessions reverse his recusal and limit the scope of the Special Counsel's investigation. Mr. McGahn's statements to the Special Counsel's office, for example, are cited more than 70 times in descriptions of incidents (1) and (2) and, therefore, are of particular importance to the Committee's work.

In addition, as to redacted portions of the report that are not subject to Federal Rule of Criminal Procedure 6(e), the Committee is prepared to limit its review to members of the Judiciary Committee and appropriate staff, subject to the condition that the Department has insisted on – that they cannot discuss what they have seen with anyone else (except that the Committee has requested the ability for counsel to share the materials with a court under seal in the event of litigation). As you know, Congress has ample means of providing for safe storage of these materials, as it is routinely entrusted with the responsibility to protect classified and other sensitive information. Although the Department's proposed conditions are a departure from accommodations made by previous Attorneys General of both parties (as is our proposed compromise), the Committee is nevertheless prepared to accept this modified requirement as a concession.

Lastly, as we have previously made clear, the Committee is not seeking from the Department any information or documents that are properly subject to Rule 6(e).[2] Similarly, the Committee is also prepared to relieve the Department of the obligation to produce the underlying documents not specifically identified in the Mueller Report and contained in the limited set of Volume II referenced documents listed in the attachment, if an agreement can be reached.

As a result of the Committee's unilateral accommodation efforts, the Department would satisfy the Committee's subpoena by producing the limited set of materials from Volume II of the Mueller Report that the Committee has identified, and permitting only the Judiciary Committee members and appropriate staff to review the non-Rule 6(e) redactions under the conditions the Department has requested.

---

[1] The Committee is prepared to discuss whether any redactions of these documents would be appropriate.

[2] The Committee intends to seek a court order permitting the Committee to receive those portions of the report redacted on Rule 6(e) grounds and potentially related referenced documents.

Notwithstanding the President's stated intent to block all congressional subpoenas, the Committee also remains prepared to meet with the Department and the White House to ascertain if an acceptable accommodation can be reached. I am personally willing to meet with you both in an effort to achieve a suitable compromise.

Sincerely,

Jerrold Nadler
Chairman
House Committee on the Judiciary

cc: Doug Collins
Ranking Member

**Documents Referenced in Volume II of the Special Counsel's Report**

**FBI Interview Reports (302s)**

The Committee requests 302 reports for the following individuals, identified by the following dates:

- Stephen K. Bannon (2/12/18; 2/14/18; 10/26/18; 1/18/19)
- Dana Boente (1/31/18)
- James Burnham (11/3/17)
- Chris Christie (2/13/19)
- Michael Cohen (8/7/18; 9/12/18; 10/17;18; 11/12/18; 11/20/18; 3/19/19)
- James Comey (11/15/17)
- Rick Dearborn (6/20/18)
- Uttam Dhillon (11/21/17)
- Annie Donaldson (11/6/17; 4/2/18)
- John Eisenberg (11/29/17)
- Michael Flynn (11/17/17; 11/20/17; 11/21/17; 1/19/18)
- Counsel to Michael Flynn (name not specified) (3/1/18)
- Rick Gates (4/10/18; 4/11/18; 4/18/18; 10/25/18)
- Hope Hicks (12/7/17; 12/8/17; 3/13/18)
- Joseph Hunt (2/1/18)
- John Kelly (8/2/18)
- Jared Kushner (4/11/18)
- Corey Lewandowski (4/6/18)
- Paul Manafort (10/1/18)
- Andrew McCabe (8/17/17; 9/26/17)
- Mary McCord (7/17/17)
- K.T. McFarland (12/22/17)
- Don McGahn (11/30/17; 12/12/17; 12/14/17; 3/8/18; 2/28/19)
- Stephen Miller (10/31/17)
- Rob Porter (4/13/18; 5/8/18)
- Reince Priebus (10/13/17; 1/18/18; 4/3/18)
- Rod Rosenstein (5/23/17)
- Christopher Ruddy (6/6/18)
- James Rybicki (6/9/17; 6/13/17; 6/22/17; 11/21/18)
- Sarah Sanders (7/3/18)
- Jeff Sessions (1/17/18)
- Sean Spicer (10/16/17)
- Sally Yates (8/15/17)

**Contemporaneous Notes**

The Committee requests notes taken by the following individuals on the following dates:

- Annie Donaldson (3/2/17; 3/5/17; 3/6/17; 3/12/17; 3/16/17; 3/21/17; 4/11/17; 5/9/17; 5/10/17; 5/31/17)
- Joseph Hunt (5/3/17; 5/8/17; 5/9/17; 5/17/17; 5/18/17; 5/30/17; 7/21/17)
- John Kelly (2/5/18; 2/6/18)
- Corey Lewandowski (6/19/17)
- Stephen Miller (5/5/17)
- Rob Porter (7/10/17; 10/16/17; 12/6/17; 1/27/18; undated notes identified as "SC_RRP000053")
- Reince Priebus (7/22/17)

**Memoranda and Communications**

The Committee requests the following memoranda and communications. Dates and Bates numbers referenced in the Special Counsel's report are included where available, but Bates numbers may not encompass the entirety of the page ranges for each document:

- Draft Memorandum to file from Office of Counsel to the President (2/15/17) (SCR15_000198 - SCR15_000202)
- Draft Termination Letter to FBI Director Comey (SCR013c_000003 - SCR013c_000006)
- E-mail from James Burnham to Annie Donaldson (2/16/17) (SCR004_00600)
- McFarland Memorandum for the Record (2/26/17) (KTMF_00000047 - KTMF_00000048)
- White House Counsel's Office Memorandum (SCR016_000002 - SCR016_000005)
- White House Counsel's Office Memorandum re: "Flynn Tick Tock" (SCR015_000278)