# EXHIBIT R

# U.S. House of Representatives
## Committee on the Judiciary
### Washington, DC 20515-6216
### One Hundred Sixteenth Congress

April 11, 2019

The Honorable William P. Barr
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Dear Attorney General Barr:

      I write today to reiterate my prior requests that you work with us and the relevant court to release any grand jury information to the House Judiciary Committee,[1] and remind you of the limited scope of grand jury rules in terms of shielding information in any event.[2] In addition, if you choose to proceed with your plan to "color code" redactions (as indicated in your April 9 testimony), that action cannot serve as a basis to seek to deny the Judiciary Committee access to any redacted grand jury information in any future legal determination.

      As I have previously noted, in the event the Department of Justice makes redactions pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure, "[t]he mere fact that information has been presented to the grand jury" does not mean that the information is prohibited from disclosure,[3] nor does "[t]he mere fact that [] documents were subpoenaed" by a grand jury mean they fall within the scope of Rule 6(e).[4] It is therefore clear the Department

---

[1] Letter from Speaker of the House Nancy Pelosi, Senate Democratic Leader Charles E. Schumer, House Comm. on the Judiciary Chairman Jerrold Nadler, Senate Comm. on the Judiciary Ranking Member Dianne Feinstein, H. Perm Select Comm. On Intelligence Chairman Adam Schiff, and Senate Select Comm. on Intelligence Comm. Ranking Member Mark Warner.

[2] Letter from Chairpersons Jerrold Nadler, H Comm. on the Judiciary, Elijah Cummings, H. Comm. on Oversight & Reform, Adam Schiff, H. Perm. Select. Comm. on Intelligence, Maxine Waters, H. Comm. on Fin. Servs., Richard Neal, House Comm. on Ways & Means, and Eliot Engel, H. Comm. on Foreign Affairs, to Att'y Gen. William P. Barr (April 2, 2019).

[3] *Labow v. Dep't of Justice*, 831 F.3d 523, 529 (D.C. Cir. 2016) (citing *Senate of the Com. of Puerto Rico v. Dep't of Justice*, 823 F.2d 574, 584 (D.C. Cir. 1987) (R.B. Ginsburg, J.)).

[4] *Id.* at 530. Because a person receiving the documents would not know whether they were obtained through a grand jury subpoena or other means, "subpoenaed documents would not necessarily reveal a connection to a grand jury." Id. at 529. The D.C. Circuit recently reaffirmed this principal in Bartko v. Dep't of Justice, where it made clear that "copies of specific records provided to a federal grand jury" were not automatically covered by Rule 6(e) and that

1

cannot withhold portions of the Special Counsel's report merely because they discuss information that was presented to the grand jury or documents that were obtained through a grand jury subpoena. That is particularly relevant with regard to Special Counsel Mueller's report and underlying evidence because, as your March 24, 2019 letter indicated, the Special Counsel's Office obtained a great deal of evidence by other means, such as voluntary witness interviews, voluntary document productions, and search warrants.[5]

In the event the Department and Committee cannot reach an accommodation regarding any disputed Rule 6(e) and other redactions, the Committee would anticipate pursuing mandatory process. Please be advised that if you proceed with any plan to color code redactions, such action cannot serve as a basis to deny the Judiciary Committee access to any redacted grand jury information in connection with any future legal dispute.

This is because the operative case law precludes the Department from arguing that redactions made on the basis of Rule 6(e) must be upheld because subsequent release of the underlying material would itself reveal a connection to grand jury proceedings. In *Labow v. Dep't of Justice*, the D.C. Circuit held that "the relevant question is whether the [materials] would have revealed the inner workings of the grand jury had they been released in response to the *initial* . . . request."[6]

For these reasons, the Committee requests and expects the Department to adhere to relevant judicial precedent in the course of applying any redactions on the basis of Rule 6(e). Should the Department misapply the scope of Rule 6(e) or the applicable caselaw, any such errors cannot later form a basis for withholding the material improperly redacted.

If the Department has any questions or concerns about this request, please inform me as soon as possible.

---

"'the mere fact the documents were subpoenaed fails to justify withholding under Rule 6(e).'" 898 F.3d 51, 73 (D.C. Cir. 2018) (quoting Labow, 831 F.3d at 530).

[5] Because evidence was obtained through these other means, the Department would have no basis to withhold information or descriptions of materials that it happens to have gathered by issuing grand jury subpoenas. So long as those materials do not on their face "'reveal a connection to a grand jury,'" Rule 6(e) does not bar their disclosure. Id. (quoting *Labow*, 831 F.3d at 529).

[6] *Labow*, 831 F.3d at 530 (emphasis added).

Sincerely,

Jerrold Nadler
Chairman
House Committee on the Judiciary

cc: Doug Collins
Ranking Member
House Committee on the Judiciary