THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| APPLICATION OF THE COMMITTEE ) | Civil Action No. 1:19-gj-00048 BAH |
| ON THE JUDICIARY, U.S. HOUSE OF ) | |
| REPRESENTATIVES, FOR AN ORDER ) | |
| AUTHORIZING THE RELEASE OF ) | |
| CERTAIN GRAND JURY MATERIALS ) | |

**SUPPLEMENTAL SUBMISSION REGARDING
ACCOMMODATION PROCESS**

In accordance with the Court's minute order of October 8, 2019, the Department of Justice hereby provides the requested information, following consultation with Department officials familiar with the ongoing accommodation process with the House Judiciary Committee ("Committee" or "HJC").

1.  As the Department explained in its Opposition to the Committee's Application, the Department has attempted to accommodate the Committee's stated need for information sought in a subpoena it issued to the Department. *See, e.g.*, Exh. 6 to Application Opp. (Letter from Stephen E. Boyd to Chairman Nadler, dated May 6, 2019). Eventually, the Committee sent the Department a list of FBI Form 302 interview reports (FBI-302s) referenced in Volume II of the Mueller Report, as well as a list of notes and other documents, and advised that the production of those documents "would satisfy the Committee's subpoena." HJC App., Exh. O at 2.  That accommodation process is ongoing and none of the documents involved in that process are themselves grand jury documents. There is a separate accommodation process with the House Permanent Select Committee on Intelligence ("HPSCI") in connection with the Volume I FBI-302s.

2. The Department and the Committee reached an agreement on June 7, 2019 that governs the terms of the Committee's review of the FBI-302s. The agreement provided for the Department to begin making the FBI-302s available at the Department for review on or before June 17, 2019 (pursuant to specified terms) with production to continue on a rolling basis thereafter. It was agreed that the Department would withhold any information covered by Criminal Rule 6(e), though redactions pursuant to Criminal Rule 6(e) have been minimal given that these FBI-302s and documents relate to Volume II of the Mueller Report—the portion of the Report that addresses the President's actions in connection with alleged obstruction of justice—which includes almost no grand jury information. It was also agreed that the Department reserved its right to redact portions of the documents, including on the basis of privilege, and that the Committee would reserve its right to object to withholdings. The documents are available for review at the Department of Justice, by all members of the Committee and specified staff from both the majority and minority. Notes (other than classified notes) were permitted to be taken back to the Committee, so long as they were treated as sensitive and confidential and appropriately stored. The agreement provided that those with access to the materials could discuss the materials only among themselves.

3. The Committee requested FBI-302s for 33 individuals. To date the Department has provided access to the FBI-302s of 17 of those individuals, several of whom had multiple interviews. Those individuals are (in alphabetical order): (1) Chris Christie, (2) Michael Cohen (six separate FBI-302s); (3) Rick Dearborn; (4) Uttam Dhillon; (5) John Kelly; (6) Jared Kushner; (7) Cory Lewandowski; (8) Paul Manafort (seven separate FBI-302s); (9) Mary McCord; (10) K.T. McFarland (five separate FBI-302s); (11)

Stephen Miller; (12) Rob Porter (two separate FBI-302s); (13) Rod Rosenstein; (14) Christopher Ruddy; (15) Sarah Sanders; (16) Sean Spicer; (17) Sally Yates.

    4.     All of the FBI-302s produced to date have some level of redaction applied. Some are redacted only to protect agent and prosecutor names, personal identification information, and FBI file numbers, and thus may be 95% or more unredacted. Others, such as Porter and Dhillon (both senior Presidential advisors who had direct conversations with the President), are substantially redacted, perhaps as much as 75% or more. It is difficult to arrive at a precise estimation of the level of redaction in the FBI-302's, however the Department estimates that many FBI-302s processed to date likely have 15-20% or less of the content redacted. These percentages are rough approximations, and the amount of information redacted varies from document to document, with some having substantially more redactions. Without waiving any potential objections to judicial review of the accommodation process, the underlying bases for the redactions are grand jury information (minimal); personal privacy (including information such as names of agents and prosecutors, email addresses, phone numbers, dates of birth); sensitive information relating to ongoing cases and investigations; classification; and Executive Branch confidentiality interests.

    5.     The Department currently anticipates making the remaining FBI-302's available under the agreed upon terms as processing is completed, so long as they do not adversely impact ongoing investigations and cases and subject to redaction and potential withholding in order to protect Executive Branch confidentiality interests. These include, in alphabetical order (1) Stephen Bannon; (2) Dana Boente; (3) James Burnham; (4) James Comey; (5) Annie Donaldson; (6) John Eisenberg; (7) Michael Flynn; (8) Rick Gates; (9)

Hope Hicks; (10) Jody Hunt; (11) Andrew McCabe; (12) Don McGahn; (13) Reince Priebus; (14) James Rybicki; (15) Jeff Sessions.  In addition, the Committee requested the FBI-302 for the counsel to Michael Flynn, which also has not yet been processed.

Date:  October 8, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JAMES M. BURNHAM
Deputy Assistant Attorney General

*/s/ Elizabeth J. Shapiro*
ELIZABETH J. SHAPIRO
CRISTEN C. HANDLEY
Attorneys, Civil Division
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
Tel: (202) 514-5302
Fax: (202) 616-8460

*Counsel for Department of Justice*