**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE:<br><br>APPLICATION OF THE COMMITTEE ON THE JUDICIARY, U.S. HOUSE OF REPRESENTATIVES, FOR AN ORDER AUTHORIZING THE RELEASE OF CERTAIN GRAND JURY MATERIALS | No. 19-gj-48 (BAH) |

**RESPONSE OF THE COMMITTEE ON THE JUDICIARY, U.S. HOUSE OF REPRESENTATIVES, TO DOJ'S SUPPLEMENTAL SUBMISSION**

The Committee on the Judiciary, U.S. House of Representatives (Committee) hereby responds to the Court's October 8, 2019 Minute Order, and to the Supplemental Submission Regarding the Accommodation Process (Oct. 8, 2019), Dkt. 37 (DOJ Supp. Sub.), filed by the Department of Justice (DOJ). The information set forth below is based on consultation with the Committee staff who have been directly involved in discussions with DOJ regarding the FBI-302 interview reports and other materials requested as part of the Committee's impeachment inquiry, as well as the review of materials that DOJ has made available.

1. As part of the Committee's investigation into the Presidential misconduct detailed in the Mueller Report, on May 24, 2019, Committee Chairman Jerrold Nadler provided the White House and DOJ with a list of documents identified in the Report that were critical for its investigation, which included: 62 discrete FBI-302 reports for 33 individuals; contemporaneous notes of 7 individuals taken on more than two dozen occasions; and other key memoranda and communications. *See* Apelbaum Decl., Ex. O at 5-6, Dkt. 1-16 (July 26, 2019).

2. On June 10, 2019, the Committee reached an agreement with DOJ concerning these documents, pursuant to which DOJ agreed to provide Committee Members and certain staff with access to these materials (except for any portions thereof covered by Federal Rule of

Criminal Procedure 6(e)) on a rolling basis for review *in camera* at DOJ.  Committee Members and staff viewing the materials could take notes while at DOJ, but could not retain copies of the materials.  The Committee reserved its rights to object to any documents withheld or redacted on any basis, including on the basis of executive privilege.

3.     DOJ correctly states that it has provided access to the FBI-302 reports for 17 of the 33 individuals specified in the Committee's May 24, 2019 request.  *See* DOJ Supp. Sub. ¶ 3.  Although the Committee sought FBI-302 reports for 33 individuals, many of those individuals have multiple FBI-302 reports, which are itemized by date in the Committee's request.  Apelbaum Decl., Ex. O at 5.  Accordingly, as noted above, the Committee requested a total of 62 separate FBI-302 reports.[1]  By the Committee's count, DOJ has provided 24 of the 62 FBI-302 reports that the Committee requested.[2]

4.     Thirty-eight FBI-302 reports for 16 individuals remain outstanding, including for many of the most crucial witnesses for the Committee's investigation such as Jeff Sessions, Don McGahn, and Annie Donaldson Talley (McGahn's Chief of Staff).  *See* DOJ Supp. Sub. ¶ 5; App. of the Comm. at 16 (July 26, 2019), Dkt. 1.  With respect to the outstanding FBI-302 reports, the Committee was surprised but encouraged by DOJ's statement in its supplemental filing that it "currently anticipates making the remaining FBI-302s available."  DOJ Supp. Sub. ¶ 5.  The Committee had previously understood from its recent communications with DOJ that DOJ's production was nearing completion and that there were only a limited number of

---

[1] *See* Apelbaum Decl., Ex. O at 5 (listing 61 FBI-302 reports by individual and date; Paul Manafort has two FBI-302 reports dated October 1, 2018, for a total of 62 reports).

[2] DOJ has also provided a number of FBI-302 reports that the Committee did not request.  *E.g., compare* Apelbaum Decl., Ex. O at 5 (specifying one FBI-302 report for Paul Manafort, and one for K.T. McFarland), *with* DOJ Supp. Sub. ¶ 3 (specifying seven FBI-302 reports for Paul Manafort, and five for K.T. McFarland).

remaining documents that DOJ would disclose. In addition, DOJ has not yet provided the Committee with access to any of the contemporaneous notes, memoranda, or communications that it agreed to provide pursuant to the June 10, 2019 agreement. *See* Apelbaum Decl., Ex. O at 6.

5. Based on the Committee's review of contemporaneous notes taken during on-site reviews at DOJ, the Committee generally agrees with DOJ's characterization of the approximate extent of the redactions in the FBI-302 reports that DOJ has made available to date. *See* DOJ Supp. Sub. ¶ 4. Although DOJ discussed the bases for redaction in its Supplemental Submission and at the October 8, 2019 hearing, *see* DOJ Supp. Sub. ¶ 4; Hr'g Tr. 48-49 (Oct. 8, 2019), none of the bases for redactions are listed or otherwise indicated on the FBI-302 reports reviewed by the Committee. Instead, portions of the FBI-302 reports are simply blacked out without any explanation. During the Committee's on-site reviews of the FBI-302 reports and in calls between Committee and DOJ officials, the Committee has repeatedly requested that DOJ specifically identify the complete set of bases for its redactions. The Committee still has not received this information as to any of the FBI-302 reports it has reviewed. While the Committee is generally aware that there were redactions for personally identifiable information, until the discussion during yesterday's hearing and in DOJ's Supplemental Submission, the Committee was unaware, for example, that the bases for redactions included either "Executive Branch confidentiality interests," DOJ Supp. Sub. ¶ 4, or "presidential communications," Hr'g Tr. 48:19-20 (Oct. 8, 2019). Without being provided a line-by-line description of the bases for DOJ's redactions, the Committee has not been in a position to effectively challenge specific redactions. Based on the list of reasons for redactions disclosed by DOJ for the first time yesterday, the

Committee expects to challenge certain redactions, once it is provided with the information it needs to do so.

        Respectfully submitted,

        */s/ Douglas N. Letter*
        Douglas N. Letter (D.C. Bar No. 253492)
           *General Counsel*
        Todd B. Tatelman (VA Bar No. 66008)
           *Deputy General Counsel*
        Megan Barbero (MA Bar No. 668854)
           *Associate General Counsel*
        Josephine Morse (D.C. Bar No. 1531317)
           *Associate General Counsel*
        Adam A. Grogg (D.C. Bar No. 1552438)
           *Assistant General Counsel*
        Jonathan B. Schwartz (D.C. Bar No. 342758)
           *Attorney*
        OFFICE OF GENERAL COUNSEL
        U.S. HOUSE OF REPRESENTATIVES
        219 Cannon House Office Building
        Washington, D.C. 20515
        Telephone: (202) 225-9700
        Douglas.Letter@mail.house.gov

        *Counsel for Committee on the Judiciary, United States House of Representatives*

October 9, 2019