**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

IN RE: )
)
)
APPLICATION OF THE COMMITTEE )    Civil Action No.  1:19-gj-00048 BAH
ON THE JUDICIARY, U.S. HOUSE OF )
REPRESENTATIVES, FOR AN ORDER )
AUTHORIZING THE RELEASE OF )
CERTAIN GRAND JURY MATERIALS )

## SUPPLEMENTAL SUBMISSION IN RESPONSE TO MINUTE ORDER OF OCTOBER 8, 2019

The Court's minute order of October 8, 2019, asked the Department of Justice to provide the Court, by October 11, 2019, additional information with respect to five topics. Those topics are: (1) whether grand jury information was provided to any foreign governments as part of Mutual Legal Assistant Treaty (MLAT) requests, and if so, the number of MLATs containing such information; (2) whether grand jury information was provided to any foreign governments pursuant to Rule 6(e)(3)(D), and if so, the number of times; (3) whether grand jury secrecy is the only basis for redaction for those parts of the Mueller Report where grand jury secrecy redactions were applied, and if not, what other bases for withholding apply; (4) the Department's basis for the redaction in paragraph four of the Weinsheimer Declaration; and (5) the basis for the Department's belief that Rule 6(e)(3)(D) does not authorize the Department to share the grand jury information with members of Congress.

The Department's responses are set forth below and in the attached Second Declaration of Bradley Weinsheimer.

1.      No grand jury information collected from the Mueller investigation and protected from disclosure was shared with any foreign government as part of a MLAT request.  Second Weinsheimer Decl., ¶ 2.

2.      No grand jury information collected from the Mueller investigation and protected from disclosure was shared with any foreign government pursuant to Rule 6(e)(3)(D).  Second Weinsheimer Decl., ¶ 2.

3.      In a limited number of instances, grand jury redactions in the Mueller Report overlapped with other bases for withholding.  Those additional bases include personal privacy, deliberations with respect to charging decisions, protecting ongoing law enforcement matters, and protecting information the disclosure of which would affect fair trial rights.  The specific page numbers and bases for redaction are set forth in the Second Weinsheimer Declaration at ¶ 3.  As explained in its filing of September 13, 2019, the Department has accommodated Congress's request to view the Mueller Report in unredacted form, with the exception of the grand jury information.

4.      The information in paragraph four of the first Weinsheimer Declaration is appropriately redacted as reflecting matters that occurred before the grand jury.  As Mr. Weinsheimer explains, the identity of grand jury witnesses is protected by Rule 6(e).  *See Fund for Constitutional Government, Appellant, v. National Archives and Records Service, et al.,* 656 F.2d 856 (D.C. Cir. 1981) (finding that "naming or identifying witnesses" would reveal matters occurring before the grand jury and naming "potential witnesses" would reveal the strategy and direction of the investigation, which is protected under Rule 6(e)). Although the identification of who did not testify before the grand jury would not normally violate Rule 6(e), in the context of this matter, releasing the information at issue would

violate the rule.  The Committee's request for certain FBI-302s contained a finite list of individuals.  Identifying individuals who did not testify would necessarily reveal those who did testify.  *See* Second Weinsheimer Decl., ¶ 4.  This is the precisely the case in paragraph four of the first Weinsheimer Declaration.  The Mueller Report, however, contains no redactions for the purpose of protecting the identities of those who did not testify before the grand jury.  *Id.*

5.      In June 2019, the Department set forth its position on why Rule 6(e)(3)(D) does not permit the sharing of grand jury information with members of Congress in response to a letter from Chairman Schiff of the House Permanent Select Committee on Intelligence (HPSCI).  That letter is attached to the Second Weinsheimer Declaration at Exhibit A, and explains the statutory amendments that added this provision to Rule 6(e). *See generally* Second Weinsheimer Decl., ¶ 5 and Exh. A.

6.      Finally, in the Department's filings of September 13, 2019, and October 8, 2019, the Department made clear that the accommodations negotiated with the Committee in June 2019 were in service of the Committee's oversight responsibilities.  As explained further in the Second Weinsheimer Declaration, the Department continues to view that process and the continuing accommodation process as relating solely to that congressional oversight.  *See* Second Weinsheimer Decl., ¶ 6.

Date:  October 11, 2019                                        Respectfully submitted,

                                                                      JOSEPH H. HUNT
                                                                      Assistant Attorney General

                                                                      JAMES M. BURNHAM
                                                                      Deputy Assistant Attorney General

                                                                      */s/ Elizabeth J. Shapiro*
                                                                      ELIZABETH J. SHAPIRO

CRISTEN C. HANDLEY
Attorneys, Civil Division
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
Tel: (202) 514-5302
Fax: (202) 616-8460

*Counsel for Department of Justice*