# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) ) ) APPLICATION OF THE COMMITTEE ) ON THE JUDICIARY, U.S. HOUSE OF ) REPRESENTATIVES, FOR AN ORDER ) AUTHORIZING THE RELEASE OF ) CERTAIN GRAND JURY MATERIALS ) | Civil Action No. 1:19-gj-00048 BAH |

## SECOND DECLARATION OF BRADLEY WEINSHEIMER

I, Bradley Weinsheimer, declare the following to be true and correct:

1. I am an Associate Deputy Attorney General for the Department of Justice (Department). I respectfully refer the Court to my prior declaration in this case for my background and experience in connection with my work at the Department and my specific work in connection with the Mueller Report. I am personally familiar with the accommodation process between the Department and the House Judiciary Committee (Committee) that has occurred to date in connection with the Mueller Report. The information I provide below is based on my review of the Mueller Report; underlying documents; Special Counsel Office files; and information I have obtained from, among others, those who worked on the Russia investigation, including prosecutors, FBI agents and employees, and individuals in the Department's Office of Legislative Affairs.

2. I have determined that no grand jury material obtained during the Mueller investigation that is protected from disclosure was shared with any foreign government either as part of Mutual Legal Assistant Treaty (MLAT) requests or pursuant to Federal Rule of Criminal Procedure 6(e)(3)(D). I make this representation after an appropriate inquiry, including discussions with current and former government attorneys who worked on the Russia investigation or handled cases referred from the Special Counsel's Office,

FBI employees who worked on the Russia investigation or have access to the FBI's Russia investigation files, and an attorney in the Department's Office of International Affairs who processed Special Counsel Office MLAT requests; and a review of relevant Special Counsel Office files.

3.  The redactions in the Mueller Report reflected some instances where information was redacted for multiple reasons. Subsequent to the Report's initial release, however, it was processed and re-released under the Freedom of Information Act (FOIA). That FOIA-processed version reflects all overlapping redactions. The FOIA-processed version of the Report reflects that grand jury information overlapped in six instances with other bases for withholding as specified in the chart below, identified in the form of FOIA redactions. Redaction under (b)(5) reflects deliberations with respect to charging decisions of uncharged individuals; (b)(7)(A) reflects ongoing law enforcement matters; (b)(7)(B) reflects information the disclosure of which would affect fair trial rights; and (b)(7(C) and (b)(6) reflect personal privacy.

| Volume | Page | Other Exemptions in addition to grand jury information |
|---|---|---|
| 1 | 176 | (b)(7)(A), (b)(7)(B), (b)(7)(C), (b)(6) |
| 1 | 194 | (b)(5), (b)(6), (b)(7)(C) |
| 1 | 194 | (b)(5), (b)(6), (b)(7)(C) |
| 1 | 199 | (b)(5), (b)(6), (b)(7)(C) |
| 1 | 199 | (b)(5), (b)(6), (b)(7)(C) |
| 1 | 199 | (b)(5), (b)(6), (b)(7)(C) |

4.  Paragraph four of my first declaration identifies certain individuals who did and who did not testify before the grand jury. The identity of grand jury witnesses is

protected by Rule 6(e). Typically, the names of individuals who did not testify before the grand jury are not protected by Rule 6(e), and the Mueller Report contains no redactions for that purpose. But in the context of describing who did appear before the grand jury, identifying who did not testify would also identify grand jury witnesses by process of elimination. For example, the Committee is interested in a finite number of potential witnesses. Rule 6(e) prevents government attorneys from identifying which witnesses appeared before the grand jury. But if the government identified those witnesses who did not appear before the grand jury, then the Committee would know the remaining witnesses in fact appeared before the grand jury, and the government would thereby violate Rule 6(e).

5. The Department's position with respect to Criminal Rule 6(e)(3)(D) is reflected in a letter from Stephen Boyd, Assistant Attorney General for Legislative Affairs, to Chairman Adam Schiff, Permanent Select Committee on Intelligence, dated June 12, 2019. That letter is attached hereto as Exhibit A. The Department did not receive a substantive response to this letter.

6. Finally, as explained in the Department's filing of October 8, 2019, and its September 13, 2019 response to the Committee's Application, in early June, the Department agreed to provide to the Committee access to certain FBI-302s in order to accommodate its oversight responsibilities following the Committee's issuance of a subpoena in April and subsequent letter in May. As further noted in paragraph two of the Department's Tuesday filing, that agreement includes confidentiality provisions that significantly limit the use and dissemination of information that the Committee accesses. The Department has consistently viewed this agreement as part of the accommodation process in connection with the Committee's oversight activities. As the Court is aware,

subsequent to the filing of this application regarding Rule 6(e) materials, the Speaker of the House stated publicly that, in her view, the House of Representatives has now commenced an impeachment inquiry (in addition to its regular oversight responsibilities). To the extent the Committee now believes future productions in this process are part of that impeachment inquiry, that implicates very different issues for the Executive Branch as a whole—as set forth by the White House in its letter of Tuesday, October 8, 2019, to the Speaker and Chairmen of three committees. The Department and the Committee have not yet discussed whether they may need to amend the current agreement to ensure appropriate handling by the Committee in order for the accommodation process to continue as anticipated. The Department will work diligently with the Committee to resolve this issue and to continue a productive accommodation process.

I declare under penalty of perjury that the foregoing is true and correct.

10/11/2019
Date

Bradley Weinsheimer