**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE:<br><br>APPLICATION OF THE COMMITTEE ON THE JUDICIARY, U.S. HOUSE OF REPRESENTATIVES, FOR AN ORDER AUTHORIZING THE RELEASE OF CERTAIN GRAND JURY MATERIALS | No. 19-gj-48 (BAH) |

### RESPONSE OF THE COMMITTEE ON THE JUDICIARY, U.S. HOUSE OF REPRESENTATIVES, TO DOJ'S SECOND SUPPLEMENTAL SUBMISSION

The Committee on the Judiciary of the U.S. House of Representatives (Committee) hereby responds to the Court's October 8, 2019 Minute Order, and to the Department of Justice's second supplemental submission (Oct. 11, 2019), Dkt. 40 (DOJ 10/11/19 Supp. Sub.). The information set forth below is based on consultation with the Committee staff who have been directly involved in discussions with the Department of Justice (DOJ), including on the status of the production of FBI-302 interview reports and other materials requested as part of the Committee's impeachment inquiry.

1. All parties agree that "the identity of grand jury witnesses is protected by Rule 6(e)," but that "the identification of who did not testify before the grand jury would not normally violate Rule 6(e)." DOJ 10/11/19 Supp. Sub. ¶ 4; *see also* Second Decl. of Bradley Weinsheimer ¶ 4 (Oct. 11, 2019), Dkt. 40-1 (Second Weinsheimer Decl.) ("Typically, the names of individuals who did not testify before the grand jury are not protected by Rule 6(e), and the Mueller Report contains no redactions for that purpose."). DOJ argues, however, that because the Committee requested FBI-302 reports for a "finite list of individuals," disclosing the non-testifying witnesses in paragraph four of the first Declaration of Bradley Weinsheimer (Sept. 13, 2019), Dkt. 20-10 (First Weinsheimer Decl.), "would necessarily reveal those who did testify,"

DOJ 10/11/19 Supp. Sub. ¶ 4. Paragraph four of the First Weinsheimer Declaration is completely redacted. The Committee, therefore, cannot test the accuracy of DOJ's assertion and leaves to the Court the determination whether, on the facts here, disclosing the non-testifying witnesses' identities would necessarily disclose the identity of the testifying witnesses. If the Court determines—based on the circumstances presented here—that the non-testifying witnesses' identities are protected under Rule 6(e), and subsequently rules in the Committee's favor on the merits of the Committee's Rule 6(e) application, the Committee respectfully requests that it be provided access to any Rule 6(e) material in paragraph four of the First Weinsheimer Declaration.

      2.     The Committee disagrees with DOJ's assertion that the foreign intelligence exception in Rule 6(e)(3)(D) does not authorize disclosure of grand-jury information to the U.S. House of Representatives. *See, e.g.*, Letter from Chairman Adam Schiff to Attorney General Barr at 3 n.2 (May 8, 2019) (attached as Ex. N to App. of the Comm. (July 26, 2019), Dkt. 1-15). But regardless of whether Rule 6(e)(3)(D) is correctly interpreted to include the House, this Court has recently stated that the foreign intelligence exception does not "authorize[] *a court* to order release of grand jury material[s]." *In re App. of the Reporters Comm. for Freedom of the Press*, No. 19-45, 2019 WL 4707242, at *4 (D.D.C. Sept. 9, 2019) (emphasis added). And because DOJ has made clear that it does not interpret Rule 6(e)(3)(D) to authorize disclosure of the grand-jury information the Committee seeks, Second Weinsheimer Decl. ¶ 5; *see id.*, Ex. A, Dkt. 40-2 (Letter from Assistant Attorney General Stephen E. Boyd to Chairman Adam Schiff (June 12, 2019)), the Committee has no expectation that DOJ will provide grand-jury information pursuant to Rule 6(e)(3)(D). This conclusion only underscores the Committee's

particularized need for a court order authorizing disclosure pursuant to the judicial proceeding exception in Rule 6(e)(3)(E)(i).

3. The Committee is both perplexed and concerned by DOJ's retreat in its representations to the Court concerning the status of DOJ's agreement to produce certain FBI-302 reports to the Committee. *See* DOJ 10/11/19 Supp. Sub. ¶ 6; *see also* Second Weinsheimer Decl. ¶ 6. The shift in DOJ's assertions further undercuts its claim that the Committee has not demonstrated a particularized need.

DOJ had originally argued that the Committee cannot establish a particularized need because the Committee has other sources for the information it seeks, including the FBI-302 reports that DOJ had "agreed" to provide to the Committee. DOJ's Resp. to App. of the Comm. at 34, 32 (Sept. 13, 2019), Dkt. 20; *see* 10/8 H'rg Tr. at 47-48. In its first supplemental submission after the October 8, 2019 hearing, DOJ again stated that it "currently anticipates making the remaining FBI-302's available under the agreed upon terms as processing is completed." DOJ Supp. Sub. Regarding Accommodation Process ¶ 5 (Oct. 8, 2019), Dkt. 37 (DOJ 10/8/19 Supp. Sub.). In DOJ's second supplemental submission—and contrary to DOJ's earlier statement that it would be "making the remaining FBI-302's available *under the agreed upon terms*," *id.* (emphasis added)—DOJ states that it "may need to amend the current agreement," Second Weinsheimer Decl. ¶ 6,[1] in light of a letter sent from the White House to

---

[1] Notably, in its second supplemental submission, DOJ does not dispute that the redactions to the FBI-302 reports that it has produced to the Committee so far have never been explained to the Committee. Nor does DOJ dispute that many additional FBI-302 reports and other documents pertaining to many of the most crucial witnesses for the Committee's investigation have yet to be made available to the Committee. *See generally* DOJ 10/11/19 Supp. Sub. DOJ last made a batch of FBI-302 reports available to the Committee on August 20, 2019.

House Leadership on October 8, 2019.[2]  In that letter, the White House stated that "President Trump and his Administration" would not "participate in" the House's impeachment inquiry. Cipollone Letter at 2.

Upon reviewing the Second Weinsheimer Declaration, undersigned counsel for the Committee contacted counsel for DOJ to clarify whether DOJ still planned to make "the remaining FBI-302s available under the agreed upon terms," as it had advised the Court on October 8, DOJ 10/8/19 Supp. Sub. ¶ 5, or whether the agreement had been superseded by the October 8 letter from the White House.  Counsel for DOJ responded that this matter should be resolved between the Committee and DOJ's Office of Legislative Affairs.  The Committee then sought clarification from that office, and an official responded that "Speaker Pelosi's recent view that the House is now engaged in an impeachment inquiry *may necessitate modification* of our June 2019 agreement with the Committee," including because DOJ "needs to understand [the Committee's] purpose in accessing any additional materials."  Email from David F. Lasseter, Deputy Assistant Attorney General, Office of Legislative Affairs, to Committee Staff (Oct. 15, 2019).  Given these apparently contradictory messages, the Committee thus far has been unable to obtain clarity on whether DOJ is going to proceed with the promised production of the FBI-302 reports and adhere to its agreement with the Committee on this subject.

Moreover, since at least July 2019, when the Committee filed its Application, DOJ has known that the Committee is conducting an investigation to determine whether to recommend articles of impeachment against President Trump.  *See* App. of the Comm. at 1 (July 26, 2019),

---

[2] *See* Letter from White House Counsel Pat A. Cipollone to Speaker Nancy Pelosi at 2 (Oct. 8, 2019), https://perma.cc/68H3-5XTE (Cipollone Letter).  The letter appears to have been made public by 5:30 p.m. on October 8, 2019.  *See* Quinta Jurecic, *White House Letter to Congress on Impeachment Inquiry*, Lawfare (Oct. 8, 2019, 5:23 PM), https://perma.cc/9DRX-ESQK.

Dkt. 1; *see also id.*, Ex. A at 3 (July 11, 2019 Memorandum from Committee Chairman Jerrold Nadler).  DOJ was well aware of that fact at the hearing in this matter on the morning of October 8, 2019, when DOJ stated to this Court and the Committee that it would produce the remaining FBI-302 reports, 10/8 Hr'g Tr. at 47-50,[3] and that evening, when it filed its first supplemental submission reiterating its commitment, DOJ 10/8/19 Supp. Sub. ¶ 5.

Regardless of this confusing situation created by DOJ and the White House, the bottom line is that the Committee has received only some of the FBI-302 reports it has requested (and these generally do not include the ones of most interest to the Committee).  Moreover, many of the reports that have been produced contain substantial unexplained redactions.  Accordingly, this Court should reject DOJ's argument that the Committee, in theory, can obtain the information it seeks from other sources and therefore has not demonstrated a particularized need.  In reality, DOJ has not made such information available to the Committee.  The course of dealings described above underscores the Committee's need for the requested disclosure.

Respectfully submitted,

*/s/ Douglas N. Letter*
Douglas N. Letter (D.C. Bar No. 253492)
   *General Counsel*
Todd B. Tatelman (VA Bar No. 66008)
   *Deputy General Counsel*
Megan Barbero (MA Bar No. 668854)
   *Associate General Counsel*
Josephine Morse (DC Bar No. 1531317)
   *Associate General Counsel*
Adam A. Grogg (DC Bar No. 1552438)
   *Assistant General Counsel*
Jonathan B. Schwartz (DC Bar No. 342758)
   *Attorney*
OFFICE OF GENERAL COUNSEL

---

[3] *See, e.g.*, 10/8 Hr'g Tr. at 50 ("There are five 302s from Mr. McGhan that are in the process of being redacted and may already be redacted.  They are in the pipeline, so [the Committee] will get those.").

5

U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
Telephone: (202) 225-9700
douglas.letter@mail.house.gov

*Counsel for Committee on the Judiciary, United States House of Representatives*

October 16, 2019