THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: | ) ) ) | |
| APPLICATION OF THE COMMITTEE ON THE JUDICIARY, U.S. HOUSE OF REPRESENTATIVES, FOR AN ORDER AUTHORIZING THE RELEASE OF CERTAIN GRAND JURY MATERIALS | ) ) ) ) ) ) | Civil Action No. 1:19-gj-00048 BAH |

## NOTICE OF COMPLIANCE WITH ORDER OF OCTOBER 17, 2019

In compliance with the Court's Order of October 17, 2019, attached hereto is Exhibit 10 to the Department of Justice's Response to the Judiciary Committee's Application for the Release of Certain Grand Jury Materials (the Weinsheimer Declaration), redacted in accordance with the Court's direction.

Date: October 19, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JAMES M. BURNHAM
Deputy Assistant Attorney General

*/s/ Elizabeth J. Shapiro*
ELIZABETH J. SHAPIRO
CRISTEN C. HANDLEY
Attorneys, Civil Division
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
Tel: (202) 514-5302
Fax: (202) 616-8460

*Counsel for Department of Justice*

# Exhibit 10

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: )<br>)<br>APPLICATION OF THE COMMITTEE )<br>ON THE JUDICIARY, U.S. HOUSE OF )<br>REPRESENTATIVES, FOR AN ORDER )<br>AUTHORIZING THE RELEASE OF )<br>CERTAIN GRAND JURY MATERIALS ) | Civil Action No. 1:19-gj-00048 BAH |

## DECLARATION OF BRADLEY WEINSHEIMER

I, Bradley Weinsheimer, declare the following to be true and correct:

1. I am an Associate Deputy Attorney General for the Department of Justice ("Department" or "DOJ"). I have held this position since July 2018. Prior to that time, I served in the Department's National Security Division, from March 2016 to July 2018, serving as Acting Chief of Staff to the Assistant Attorney General from May 2016 until approximately February 2018. I have worked at DOJ since 1991, including twenty years as an Assistant United States Attorney in Washington, D.C.

2. I did not directly work on or supervise the Department's investigation into Russia's interference in the 2016 presidential election ("Russia Investigation.") I do, however, work on issues relating to disclosure of Russia Investigation documents both to Congress and pursuant to Freedom of Information Act requests. I also participated in the review of the Special Counsel's March 22, 2019 confidential report to the Attorney General ("Mueller Report") to determine what material should be redacted. I am familiar with the Mueller Report's contents and redactions, including those redactions for grand jury information. The information I provide is based on my review of the Mueller report, underlying documents, Special Counsel Office files, and information I have obtained from

those who worked on the Russia investigation, including prosecutors and FBI agents and employees.

3. In the 182 pages of Volume II of the Mueller Report, only 5 pages contain redactions of brief references to matters occurring before the grand jury (pages 13, 18, 46, 97, and 105). These redactions are protected from disclosure pursuant to Federal Rule of Criminal Procedure (Rule) 6(e). The following paragraphs describe the redacted information, and other grand jury matters relevant to the court's consideration, and are protected from disclosure by Rule 6(e).

4. Don McGahn did not testify before the grand jury. Indeed, none of the witnesses for whom the Committee requested FBI Interview Reports (FD-302s) in Volume II of the Mueller Report, *see* Application at Exh. O, p. 5, testified before the grand jury, with the exceptions of ███████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████ Donald Trump, Jr. also did not testify before the grand jury.

5. ███████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████

On page 18, footnote 27, Volume II, the following information is redacted to protect grand jury secrecy: ███████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████

2

███████████████████████████████████████████

6. On page 13 of Volume II, the following information is redacted to protect grand jury secrecy: ███████████████████████

███████████████████████████████████████████

7. On page 46 of Volume II, the following information is redacted to protect grand jury secrecy: ████████████████████ The sentence thus reads as follows, with the highlighted portion redacted from the Report: "But Flynn's lies to the FBI violated federal criminal law, ████████████████████ and resulted in Flynn's prosecution for violating 18 U.S.C. § 1001."

8. On page 97 of Volume II, the following information is redacted to protect grand jury secrecy: ███████████████████████

██████ The sentence thus reads as follows, with the highlighted portion redacted from the Report: "By the time of the President's follow-up meeting with Lewandowski, █

███████████████████████████████████████████

9. On page 105 of Volume II, the following information is redacted to protect grand jury secrecy: under the first redaction, the words ████████████████

████████████████████ Under the second redaction, the words ████████████ That paragraph thus reads, "On July 12, 2017, the Special Counsel's

3

Office ▮▮▮▮▮▮▮▮▮▮ Trump Jr. ▮▮▮▮▮▮▮▮▮▮ related to the June 9 meeting and those who attended the June 9 meeting." Exh. 9 at 105.

    10.    While not in Volume II, one page in Appendix C also contains grand jury material ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮ On page C-2 of Appendix C, the following is redacted to protect grand jury secrecy: ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

I declare under penalty of perjury that the foregoing is true and correct.

_9/13/19_             _[signature]_
Date                                Bradley Weinsheimer