**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| IN RE: | ) |
| | ) |
| | ) |
| APPLICATION OF THE COMMITTEE | )   Civil Action No.  1:19-gj-00048 BAH |
| ON THE JUDICIARY, U.S. HOUSE OF | ) |
| REPRESENTATIVES, FOR AN ORDER | ) |
| AUTHORIZING THE RELEASE OF | ) |
| CERTAIN GRAND JURY MATERIALS | ) |

**DEPARTMENT OF JUSTICE'S MOTION TO STAY DISCLOSURE ORDER**
**PENDING APPEAL**

**INTRODUCTION**

On October 25, 2019, this Court issued a Memorandum and Order requiring the Department of Justice ("Department"), by October 30, 2019, to disclose to the petitioner (1) all portions of the Mueller Report redacted pursuant to Federal Rule of Criminal Procedure Rule 6(e), and (2) any underlying transcripts or exhibits referenced in the portions of the Mueller Report redacted pursuant to Rule 6(e).

The Department hereby requests a stay of the Court's order pending appeal to the United States Court of Appeals for the District of Columbia Circuit.  A stay is warranted because, without a stay, the Department will be irreparably harmed.  Once the information is disclosed, it cannot be recalled, and the confidentiality of the grand jury information will be lost for all time—particularly if Petitioner United States House of Representatives Committee on the Judiciary ("HJC") decides to publicize the now-secret grand jury materials, which it has asserted the power to do through a simple majority vote.  *See* House Judiciary Committee Procedures for Handling Grand Jury Information at Rule 5 ("No Member or staff shall make any such grand jury information public unless authorized by a majority vote of the Committee, a quorum being present.").  Nor will the HJC be

substantially injured by a stay pending appeal, which would simply maintain the status quo that exists today.   According to public statements made by the Speaker of the House, the Mueller Report is not the current focus of impeachment activity.  And although this Court has rejected the Department's arguments, it remains true that the Department has strong arguments consistent with D.C. Circuit precedent, on which it may prevail on appeal. Impeachment and removal proceedings in the legislature are not "judicial proceedings" within the ordinary meaning of that language, a position once noted by this Court in an earlier decision.  And for precisely the reasons articulated by the Court in describing the public nature of the non-grand jury portions of the Mueller Report, there is a strong likelihood that the Court of Appeals will agree that HJC has not demonstrated a particularized need for the grand jury information in light of the information already in the public domain and the much different focus of ongoing impeachment proceedings in the House.

This Court has expressed the view that it "is a speed bump on the way to the Circuit for review."  Transcript, p. 14-15.  The Department intends to file an expedited appeal and there is no question that appeal will present substantial legal questions.  Rather than direct the Department to furnish the Committee with information to which the Department believes the Committee is not entitled, this Court should maintain the status quo pending appeal.[1]

## STANDARD OF REVIEW

A party seeking a stay pending appeal must show that four factors weigh in favor of a stay: "(1) the likelihood that the party seeking the stay will prevail on the merits of the

---

[1] Undersigned counsel conferred with counsel for the HJC with respect to this motion, who represented that the HJC opposes the relief sought.

appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985) (per curiam); *See also Nken v. Holder*, 556 U.S. 418, 434-435 (2009); *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  "A party does not necessarily have to make a strong showing with respect to the first factor (likelihood of success on the merits) if a strong showing is made as to the second factor (likelihood of irreparable harm)." *Dunlap v. Presidential Advisory Comm'n on Election Integrity*, 319 F. Supp. 3d 70, 83 (D.D.C. 2018) (citing *Cuomo*, 772 F.2d at 974).

## ARGUMENT

### I.  The Department Will Be Irreparably Harmed Absent a Stay

The Department will be irreparably harmed absent a stay for a fundamental reason: once the grand jury information is released to the HJC, grand jury secrecy will be pierced, the materials will be disclosed to persons beyond those enumerated as lawful recipients by Rule 6(e), and information cannot ever be clawed back.  *See, e.g.*, *Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) ("Once the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time.  The status quo could never be restored.").  That irreparable harm would exist regardless of what HJC does with this information, but it is particularly acute here, where there is no guarantee the HJC will keep this sensitive information secret.  Although the Court noted that the HJC adopted protocols to protect the information against disclosure, it was undisputed that public disclosure requires nothing more than a majority vote of the Committee.  *See* House Judiciary Committee Procedures for Handling Grand Jury Information at Rule 5 ("No

Member or staff shall make any such grand jury information public unless authorized by a majority vote of the Committee, a quorum being present.").  While disclosure to the HJC would itself be irreparable harm, disclosure to the public at large would substantially compound it.

Once the information is disclosed, the slate cannot be wiped clean.  Even if the information is later clawed back, Members of Congress and their staffs, who are not specifically enumerated as lawful recipients of 6(e) material, will know what transpired before the grand jury.  The Court should not require that momentous step until the appellate court has had a chance to assess its legality.  The Court should thus stay its order until the D.C. Circuit has an opportunity to review it.

### II.     The Department Has a Sufficient Likelihood of Success on the Merits to Warrant a Stay

Although the Court has rejected the Department's legal arguments, those arguments are substantial ones, such that the balance of harms favors preserving the Department's ability to appeal.  For example, there is a substantial question as to whether an impeachment trial constitutes a "judicial proceeding" within the meaning of Rule 6(e).  Prior to *McKeever*, this Court noted that impeachment did not naturally fit within the plain language of this exception.  *See* Memorandum Opinion at 39, n.27.  There is also a strong argument that *McKeever v. Barr,* 920 F.3d 842 (D.C. Cir. 2019), *reh'g denied*, Order, No. 17-5149 (D.C. Cir. July 22, 2019), *docketing petition for cert.*, No. 19-307 (U.S. Sept. 5, 2019),  which only addressed the question of whether district courts could rely on inherent authority to allow the disclosure of historically interesting grand jury information, offered only dicta about the judicial proceeding exception in its opinion, and could have stopped after acknowledging that *Haldeman v. Sirica*, 501 F.2d 714, 717 (D.C. Cir. 1974) (en banc),

contained no meaningful analysis of its reasoning in denying mandamus relief.  At a minimum, the D.C. Circuit should be permitted to determine the scope and effect of its own decision, and to determine whether, as this Court concluded, *McKeever*'s discussion of *Haldeman* compels the conclusion that an impeachment trial is a judicial proceeding.

Further, the Court found that the HJC established particularized need because the HJC must determine what the Mueller Report said about certain events "central to the impeachment inquiry," Mem. Opinion at 66.  Even apart from the Speaker's statement that these events are *not* currently part of the impeachment inquiry, Rachael Bade and Mike DeBonis, *Democrats Count on Schiff to Deliver Focused Impeachment Inquiry of Trump*, WASH. POST (Sept. 29, 2019), https://www.washington post.com/politics/pelosi-turns-to-schiff-to-lead-house-democrats-impeachment-inquiry-of-trump/2019/09/ 28/ed6c4608-e149-11e9-8dc8-498eabc129a0_story.html), the Court acknowledged that Congress has had access to direct testimony from individuals central to the inquiry.  Mem. Opinion at 67.  Although the Court suggests that the grand jury testimony may help to show inconsistencies in witnesses' statements, Mem. Opinion at 66-67, the HJC provided no basis to believe that any such inconsistencies occurred with respect to witnesses who have not already been indicted.  A petitioner seeking release of grand jury information does not satisfy the particularized need standard without an articulation of a *specific* reason the information is needed, *In re Sealed Case*, 801 F.2d 1379, 1381 (D.C. Cir. 1986), and the D.C. Circuit may well agree with the Department that the generalized need articulated by the HJC fails to satisfy the requisite standard.

Finally, this Court suggested that the need for secrecy of the grand jury's proceedings was lessened because so much information from the Mueller Report was

already public.  Mem. Opinion at 73.  But the grand jury information at issue here is not

public, *see In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1138, 1140 (D.C. Cir.

2006), and the D.C. Circuit may well decide that the amount of information released in

connection with the Mueller Report compels the opposite result than that reached by this

Court, *i.e.*, that in light of the large amount of information disclosed, there is no

particularized need for the grand jury information.  In short, there is substantial room for

debate on the merits, and this Court should stay its order to allow for review by the D.C.

Circuit.

### III.    The HJC Will Not Be Substantially Harmed By a Stay, and the Public Interest is Advanced by having the Appellate Court render a Judgment.

A stay pending appeal will not substantially harm the HJC's inquiry.  *Committee*

*On the Judiciary U.S. House of Reps. v. Miers*, 575 F. Supp. 2d 201, 203 (D.D.C. 2008)

(quoting *United States v. Philip Morris, Inc.*, 314 F.3d 612, 617 (D.C. Cir. 2003)).  The

Speaker has announced that the House impeachment inquiry will focus narrowly on the

whistleblower complaint and issues surrounding Ukraine.  *See* Rachael Bade and Mike

DeBonis, *Democrats Count on Schiff to Deliver Focused Impeachment Inquiry of Trump*,

WASH. POST (Sept. 29, 2019), https://www.washington post.com/politics/pelosi-turns-

to-schiff-to-lead-house-democrats-impeachment-inquiry-of-trump/2019/09/ 28/ed6c4608-

e149-11e9-8dc8-498eabc129a0_story.html).  Although the HJC claims that it needs the

information promptly because it continues to investigate matters connected to the Mueller

Report, there appears little dispute that, for now, that investigation is secondary, and

Congressman Schiff and the House Intelligence Committee—not the Judiciary

Committee—is the lead committee heading the congressional investigation.  *See id.*

("Schiff's preeminent role means Nadler and the Judiciary Committee have been at least temporarily relegated to the wings, with their investigative work largely put on hold as Nadler awaits direction on how to write articles of impeachment.").  There is no reason that the HJC requires the requested grand jury information by October 30 when even the investigation of the Ukraine matter will likely extend into the next calendar year.  There is ample time for the D.C. Circuit to review this Court's order, particularly if such review were expedited.  Further, the public interest lies in having the D.C. Circuit review a memorandum opinion of such consequence before grand jury information is provided to HJC.  In order to reach the decision it did, the Court resolved difficult disputes between co-equal branches of government, including the question of what suffices to initiate the impeachment of a President.  The public interest lies in maintaining the status quo until an appellate court has had time to review and resolve these substantial legal questions.

**CONCLUSION**

For the reasons stated above, the Department respectfully requests that the Court stay its October 25, 2019 Order pending appellate review.

Date:  October 28, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JAMES M. BURNHAM
Deputy Assistant Attorney General

*/s/ Elizabeth J. Shapiro*
ELIZABETH J. SHAPIRO
CRISTEN C. HANDLEY
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
Tel: (202) 514-5302
Fax: (202) 616-8460

*Counsel for Department of Justice*

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|                                         |     |                                      |
|-----------------------------------------|-----|--------------------------------------|
| IN RE:                                  | )   |                                      |
|                                         | )   |                                      |
|                                         | )   |                                      |
| APPLICATION OF THE COMMITTEE            | )   | Civil Action No.  1:19-gj-00048 BAH  |
| ON THE JUDICIARY, U.S. HOUSE OF         | )   |                                      |
| REPRESENTATIVES, FOR AN ORDER           | )   |                                      |
| AUTHORIZING THE RELEASE OF              | )   |                                      |
| CERTAIN GRAND JURY MATERIALS            | )   |                                      |

## <u>ORDER</u>

After consideration of the Department of Justice's Motion for Stay Pending

Appeal, and the opposition of the House Judiciary Committee, it is hereby

ORDERED that the motion is hereby GRANTED.


_____          _____

Dated                                              Chief United States District Judge